## THE E. W. SINCLAIR.

(District Court, S. D. Florida. July 11, 1924.)

No. 1787.

1. **Aliens** ⬅58—**Libel to recover penalty for permitting unlawful landing of alien employed on ship should state port of arrival.**

A libel for recovery of the penalty imposed by Immigration Act 1917, § 32 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼r), on the owner, agent, consignee, or master of a vessel, for permitting the landing of an alien of the excluded class, should allege the port of the vessel's arrival.

2. **Aliens** ⬅58—**Libel in rem to recover penalty for permitting landing of alien employed on ship must allege on whom notice was served.**

Notice by the officer in charge of the port of arrival in the United States of a vessel, to the "owner, agent, consignee, or master" to detain on board an alien employed thereon, is a condition precedent to liability for the penalty imposed by Immigration Act 1917, § 32 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼r), for permitting such alien to land, and a libel in rem against the ship for recovery of the penalty must allege on whom the notice was served. An allegation that notice was given the ship is not sufficient.

3. **Aliens** ⬅56—**Statute against permitting aliens "to land" held not to apply to seamen on shore leave.**

Immigration Act 1917, § 32 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼r), providing that no excluded alien employed on board a vessel shall be permitted "to land" in

the United States, except temporarily for medical treatment or pursuant to regulations by the Secretary of Labor, does not apply to bona fide seamen temporarily going ashore on shore leave.

In Admiralty. Suit by the United States against the steamship E. W. Sinclair. On exceptions to libel. Exceptions sustained.

See, also, 1 F. (2d) 454.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla., for the United States.

Kay, Adams & Ragland, of Jacksonville, Fla., for respondent.

CALL, District Judge. The libel in this case seeks to recover a penalty of $1,000 by reason, as alleged, that one Kan Tack, a Chinaman, was employed on board the vessel E. W. Sinclair; that the master negligently failed to detain said alien on board said vessel, and did permit the alien to leave the vessel at the port of Jacksonville, Fla.; that the vessel "arrived in the United States from a foreign port, and was notified by immigration authorities in writing not to allow said Chinese alien to land in the United States, and to detain said Chinese alien on board said vessel." Exceptions were filed by the claimant on various grounds.

This proceeding is brought under section 32 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼r), which reads as follows:

"Sec. 32. That no alien excluded from admission into the United States by any law, convention, or treaty of the United States regulating the immigration of aliens, and employed on board any vessel arriving in the United States from any foreign port or place, shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to regulations prescribed by the Secretary of Labor providing for the ultimate removal or deportation of such alien from the United States, and the negligent failure of the owner, agent, consignee, or master of such vessel to detain on board any such alien after notice in writing by the immigration officer in charge at the port of arrival, and to deport such alien, if required by such immigration officer or by the Secretary of Labor, shall render such owner, agent, consignee, or master liable to a penalty not exceeding $1,000, for which sum the said vessel shall be liable," etc.

[1, 2] It is not alleged in the libel the port of arrival of the vessel. This I think

the libel should do. Written notice is required to be given to the "owner, agent, consignee, or master" by the immigration officer "in charge at the port of arrival," before the penalty attaches which is sought to be recovered in this proceeding. In this connection the libel alleges that written notice was given the ship, not the persons to whom the statute required the notice to have been given. Notice to one of the class named would bind the vessel, but it is difficult to understand how notice could be given to the ship. Certainly, in pleading where a penalty is sought to be recovered, it would certainly require this much particularity in the libel.

[3] The libel alleges that the alien was employed on the vessel. By section 1 of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a) every person signed on the ship's articles and employed on board a vessel is a seaman. In U. S. ex rel. Lum Young v. Stump (C. C. A.) 292 Fed. 354, it is held by the court, Judge Waddill delivering the opinion of the court, that seamen are not prohibited to leave the vessel on shore leave, and that such construction of section 32 is not correct. Judge Woods dissents. After carefully considering both opinions, I am impressed with the weight of the argument in the majority opinion, and will follow that.

I am therefore of opinion that the exceptions 2, 3, 4, and 8 are well taken, and must be sustained.